## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MORGAN-KELLER, INC.<br>70 Thomas Johnson Drive<br>Suite 200<br>Frederick, Maryland 21702<br><br>and<br><br>COPT DEVELOPMENT & CONSTRUCTION<br>SERVICES, LLC, COPT ABERDEEN, LLC,<br>AND   COPT NORTHGATE D, LLC<br>6711 Columbia Gateway Drive, Suite 300<br>Columbia, Maryland 21046<br><br>Plaintiffs,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY<br>100 Summer Street<br>Boston, MA 02110<br><br>Serve: Therese M. Goldsmith, Esq.<br>Maryland Insurance Commissioner<br>Maryland Insurance Administration<br>200 St. Paul Place, Suite 2700<br>Baltimore, Maryland 21202<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ____<br>COMPLAINT |

## COMPLAINT

For their Complaint against Defendant Lexington Insurance Company ("Lexington"),

Plaintiffs allege as follows:

### PRELIMINARY STATEMENT

1.      This case concerns an insurance coverage dispute arising out of property damage

at a construction project in Harford County, Maryland.  Plaintiffs seek a Declaratory Judgment

that Lexington is obligated to indemnify Plaintiffs for damage to installed windows and other property. Plaintiffs also seek damages for breach of contract and a money judgment against Lexington in an amount greater than $1.5 million.

## PARTIES

2.      Plaintiff Morgan-Keller is a Maryland corporation that provides general contracting and construction management services to its clients.   Morgan-Keller's principal place of business and corporate offices are located at 70 Thomas Johnson Drive, Suite 200, Frederick, Maryland, 21702.

3.      Plaintiff COPT Development & Construction Services, LLC is a Maryland limited liability company, with its principal place of business at 6711 Columbia Gateway Drive, Suite 300, Columbia, Maryland 21046.

4.      Plaintiff COPT Aberdeen, LLC is a Maryland limited liability company, with its principal place of business at 6711 Columbia Gateway Drive, Suite 300, Columbia, Maryland 21046.

5.      Plaintiff COPT Northgate D, LLC is a Maryland limited liability company, with its principal place of business at 6711 Columbia Gateway Drive, Suite 300, Columbia, Maryland 21046.

6.      Upon information and belief, Defendant Lexington is a Massachusetts corporation with its principal place of business at 100 Summer Street, Boston, Massachusetts 02110.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because (1) no Plaintiff is a citizen of the same state as the Defendant and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     This Court has personal jurisdiction over Lexington pursuant to Maryland Annotated Code § 6-103(6) and Federal Rule of Civil Procedure 4(k)(1)(A) because Lexington contracted to insure property located in Maryland that is the subject to this Complaint.   In addition, Lexington has authorized the Maryland Insurance Commissioner to accept service of process.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL COUNTS

### The Project

10.     On or about August 13, 2010, Morgan-Keller entered a construction contract (the "Prime Contract") with Plaintiff COPT Development & Construction Services, LLC as agent for COPT Aberdeen, LLC ("COPT Development" or "Owner").

11.     Under the Prime Contract, Morgan-Keller agreed to serve as the general contractor for construction of the North Gate Parcel D and Infrastructure Project in Aberdeen, Maryland (the "Project").

12.     In its role as General Contractor, Morgan-Keller entered into a subcontract with Emmitsburg Glass Company ("Emmitsburg") to procure and install windows ("the Windows") for a building to be constructed at the Project site.

13.     Morgan-Keller entered into a separate subcontract with Marathon Building Services, LLC ("Marathon") by which Marathon agreed to perform non-construction janitorial services at the Project Site.

14.     Per its subcontract, Marathon cleaned the Windows after their delivery, construction and installation was completed, but prior to the Project's final completion.

15.    Marathon employees damaged the Windows and other property while cleaning them, resulting in more than $1.5 million in damage.

### The Lexington Policy

16.    In the Prime Contract, COPT and Morgan-Keller agreed that COPT would provide and maintain Builders Risk insurance covering loss and damage to "Work" performed at the Project, including the Windows.

17.    COPT complied with its agreement to provide Builders Risk insurance by maintaining, at all relevant times, property insurance through defendant Lexington, including (without limitation) Lexington Policy Number 084144213 ("the Policy").

18.    The Policy insures against "all risks of direct physical loss or damage to Insured Property." Policy, Section II.A.

19.    "Insured Property" is defined as "Real Property, including new buildings and additions under construction at an Insured Location, and personal property in which the insured has an insurable interest," and "improvements and betterments to buildings or structures in which the insured has an insurable interest." Policy, Section III.A.1.

20.    The Windows are Insured Property under the Lexington Policy.

21.    Lexington received timely notice of loss and damage to the Windows.

22.    Even though all conditions precedent to coverage have been satisfied, Lexington wrongfully denied coverage.  Lexington refuses to indemnify Plaintiffs for loss and damage to the Windows and the Project.

23.    COPT Development and Construction Services, LLC, COPT Aberdeen, and COPT Northgate D, LLC (the "COPT Plaintiffs") are each Named Insureds under the Policy because they are either listed as such on the Policy's Declarations page, on schedules or

endorsements thereto, or are affiliated and subsidiary companies of the First Named Insured as identified in the Policy.

24.    Morgan-Keller is a Named Insured because COPT agreed to provide Builders Risk insurance for loss or damage to the Insured Property, including property in which Morgan-Keller had an interest.

25.    Morgan-Keller is also an intended third-party beneficiary of the Lexington Policy with the direct right to recover from Lexington for loss and damage to Insured Property, as set forth in Count IV of this Complaint.

## COUNT I

### Declaratory Judgment - COPT Plaintiffs

26.    The COPT Plaintiffs incorporate by reference and re-allege the allegations of paragraphs 1 through 25, inclusive, as though fully set forth herein.

27.    The COPT Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 to determine questions in actual controversy between the Parties.

28.    There is a real, actual, substantial, and justiciable issue in controversy between the parties regarding Lexington's obligations to indemnify the COPT Plaintiffs for loss and damage to the Project, including the Windows.

29.    A judicial determination and a declaration of rights and obligations of the Parties is necessary and appropriate because the COPT Plaintiffs have no adequate remedy at law which will resolve the current controversy.

WHEREFORE, the COPT Plaintiffs respectfully request that this Court declare the following:

A.    That Marathon caused insured property damage for which Lexington is obligated under the Lexington Policy to indemnify the COPT Plaintiffs.

B.    That the Plaintiffs are entitled to judgment against Lexington in an amount sufficient to fully indemnify the COPT Plaintiffs for loss and damage to the Windows and the Project.

C.    That the COPT Plaintiffs are entitled to pre-judgment and post-judgment interest from Lexington.

D.    That the COPT Plaintiffs are entitled to the legal fees and costs incurred in pursuing the claim and this proceeding, and as otherwise permitted by law.

E.    For such other relief that this Court deems just, proper and equitable.

## COUNT II

### Declaratory Judgment – Morgan-Keller

30.    Plaintiff Morgan-Keller incorporates by reference and re-alleges the allegations of paragraphs 1 through 25, inclusive, as though fully set forth herein.

31.    Plaintiff Morgan-Keller seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 to determine questions in actual controversy between the Parties.

32.    There is a real, actual, substantial, and justiciable issue in controversy between the parties regarding Lexington's obligations to indemnify Morgan-Keller for loss and damage to the Project, including the Windows.

33.    A judicial determination and a declaration of rights and obligations of the Parties is necessary and appropriate at this time because Morgan-Keller has no adequate remedy at law which will resolve the current controversy.

WHEREFORE, Morgan-Keller respectfully requests that this Court declare the following:

A.    That Marathon caused insured property damage for which Lexington is obligated under the Lexington Policy to indemnify Morgan-Keller.

B.    That Morgan-Keller is entitled to judgment against Lexington in an amount sufficient to fully indemnify Morgan-Keller for loss and damage to the Windows and the Project.

C.    That Morgan-Keller is entitled to pre-judgment and post-judgment interest from Lexington.

D.    That Morgan-Keller is entitled to the legal fees and costs incurred in pursuing the claim and this proceeding, and as otherwise permitted by law.

E.    For such other relief that this Court deems just, proper and equitable.

## COUNT III

### Breach of Contract Claim – COPT Plaintiffs

34.    The COPT Plaintiffs incorporate by reference and re-allege the allegations of paragraphs 1 through 25, inclusive, as though fully set forth herein.

35.    The COPT Plaintiffs have fully performed their obligations under the Policy and satisfied all conditions precedent to coverage.

36.    Lexington has failed to perform its contractual obligations under the Policy to indemnify the COPT Plaintiffs for insured Property Damage.

37.    The COPT Plaintiffs have been damaged by Lexington's breach, in that they have been denied the benefits of the insurance Policy that Lexington agreed to provide.

38.     Lexington's breach has caused and will cause the COPT Plaintiffs to suffer damages in an amount to be proven at trial, but in an amount no less than $1.5 million.

WHEREFORE, The COPT Plaintiffs respectfully request judgment in their favor and against Lexington on this Count III, as follows:

A.  Damages of no less than $1.5 million, in an amount to be proven at trial, amount sufficient to fully indemnify the COPT Plaintiffs for loss and damage to the Windows and the Project.

B.  Pre-judgment and post-judgment interest from Lexington.

C.  Legal fees and costs incurred in pursuing this claim and this proceeding, and as otherwise permitted by law.

D.  Such other relief that this Court deems just, proper and equitable.

## COUNT IV

### Breach of Contract Claim – Morgan-Keller

39.     Plaintiff Morgan-Keller incorporates by reference and re-alleges the allegations of paragraphs 1 through 25, inclusive, as though fully set forth herein.

40.     Plaintiff Morgan-Keller is a Named Insured under the Policy.

41.     In the alternative, Morgan-Keller is an intended third party beneficiary of the Policy because:

A.      The Prime Contract expresses the intention of both COPT and Morgan-Keller that COPT Development would obtain Builders Risk insurance for their mutual benefit.

B.     The Lexington Policy expresses Lexington's intention to insure loss or damage to Morgan-Keller's interest in property at the Project site, including the Windows.

C.     By indemnifying Morgan-Keller for an insured loss, Lexington will satisfy COPT Development's contractual obligation to Morgan-Keller to provide Builders Risk insurance for damage to the Project, including the Windows.

42.     Morgan-Keller has fully performed its obligations under the Prime Contract and the Policy and satisfied all conditions precedent to coverage.

43.     Lexington breached its contract by failing to indemnify Plaintiff Morgan-Keller.

44.     Morgan-Keller has been damaged by Lexington's breach, in that Morgan-Keller has been denied the benefits of the insurance that Lexington agreed to provide.

45.     Lexington's breach has caused and will cause Morgan-Keller to incur monetary losses and damages in an amount to be proven at trial but not less than $ 1.5 million.

WHEREFORE, Morgan-Keller respectfully requests judgment in its favor and against Lexington on this Count IV, as follows:

A.  Damages of no less than $1.5 million, in an amount to be proven at trial, amount sufficient to fully indemnify the Morgan-Keller for loss and damage to the Windows and the Project.

B.  Pre-judgment and post-judgment interest from Lexington.

C.  Legal fees and costs incurred in pursuing the claim and this proceeding, and as otherwise permitted by law.

D.  Such other relief that this Court deems just, proper and equitable.

Respectfully submitted,

John Anthony Wolf (Bar No. 0045)
jawolf@ober.com
Michael A. Schollaert (Bar No. 27723)
maschollaert@ober.com
Ober, Kaler, Grimes & Shriver
A Professional Corporation
100 Light Street
Baltimore, Maryland  21202
Telephone (410) 685-1120
Fax (443) 263-7535

Stephen D. Palley (Bar No. 28929)
sdpalley@ober.com
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, NW
Washington, DC 20005
Telephone (202) 326-5075
Fax (202) 326-5275

*Attorneys for Plaintiffs*
*Morgan-Keller, Inc.*
*COPT Development &Construction Services LLC,*
*COPT Aberdeen, LLC, and COPT Northgate D,*
*LLC*

Dated: October 5, 2012